UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT DUNCAN, ET AL., | ) Case No. 1:21-cv-00373 |
| Plaintiffs, | ) |
| v. | ) **NOTICE OF REMOVAL** |
| MILLER PIPELINE, LLC, | ) |
| Defendant. | ) |

Defendant Miller Pipeline, LLC ("Miller Pipeline" or "Defendant") removes the action entitled *Robert Duncan, et al. v. Miller Pipeline, LLC*, currently pending as Case No. CV-21-942779 in the Court of Common Pleas in Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio, Eastern Division. As grounds for removal, Defendant states:

1. Plaintiffs Robert Duncan and Peggy Duncan ("Plaintiffs") sued Miller Pipeline by serving the Summons and their state court Complaint on Miller Pipeline on January 19, 2021. As required under 28 U.S.C. § 1446(a), copies of all state court processes, pleadings, and orders served on Defendant are attached as **Exhibit A**.

2. No further substantive proceedings have taken place in this action since Miller Pipeline's receipt of the Summons and Complaint.

3. Plaintiffs' Complaint alleges one Count of age discrimination in violation of Ohio Rev. Code §§ 4112.02 and 4112.99.

1

4. A case may be removed from state to federal court if the case could have originally been brought in the federal forum. *See* U.S.C. § 1441(e).

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, diversity of citizenship, and which therefore may be removed to this Court under 28 U.S.C. § 1441(a)-(b).

6. Under 28 U.S.C. § 1446, removal is timely if filed within thirty (30) days after a defendant is served with a summons and the initial pleading. Miller Pipeline timely files this removal within thirty (30) days of the January 19, 2021 service of the Summons and Complaint.

## Diversity of Citizenship

7. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires that: (1) parties on each side of the case be citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a)(1).

## Citizens of Different States

8. Upon information and belief and their own allegations, Plaintiffs are citizens of the State of Ohio. Complaint, ¶1.

9. Miller Pipeline is an Indiana Limited Liability Company, with its principal place of business being in Indianapolis, Indiana. Therefore, for purposes of diversity of citizenship under 28 U.S.C. § 1332, Miller Pipeline is a citizen of Indiana and not a citizen of Ohio.

10. Complete diversity exists between the parties under 28 U.S.C. § 1332, as Plaintiffs (Ohio) and Miller Pipeline (Indiana) are not citizens of the same state.

## Amount in Controversy

11. The standard for determining whether a plaintiff's claim meets the amount in controversy is whether the district court finds, by a preponderance of the evidence, that the

amount in controversy is greater than $75,000. 28 U.S.C. § 1446(c)(2)(B). A defendant seeking removal need only show that, assuming the plaintiff proves his claims, the amount in controversy "more likely than not" exceeds $75,000. *Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006) (internal quotation omitted).

12. Courts may consider actual/compensatory, punitive damages, and, in some cases, attorney's fees to determine whether the amount in controversy exceeds $75,000. *See*, *Klepper v. First Am. Bank*, 916 F.2d 337, 340-41 (6th Cir. 1990). Compensatory damages for non-economic loss are recoverable under Ohio law. Ohio Rev. Code § 2315.19.

13. A court must "take into account the ability of Plaintiff … to recover punitive damages, unless it is apparent to a legal certainty that [punitive damages] cannot be recovered." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) (internal quotation omitted). Under Ohio law, punitive damages are recoverable under Ohio Rev. Code § 4112.99. *Rice v. Certainteed Corp.*, 84 Ohio St. 3d 417 (Ohio 1999) (holding that Ohio Rev. Code § 4112.99 authorizes an award of punitive damages in civil employment discrimination actions). Therefore, because Plaintiffs' Complaint includes a claim under Ohio Rev. Code § 4112.99, Plaintiffs have the ability to recover punitive damages in the event they prevail in the underlying matter.

14. A court includes attorney's fees in the amount in controversy when a contract or statute allows for attorneys' fees. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Under Ohio law, Plaintiffs are authorized by statute to request attorney's fees in the event they establish their age discrimination claim. *See* Ohio Rev. Code § 4112.14 (authorizing Ohio courts to order an award of attorneys' fees to plaintiffs who successfully claim age discrimination).

15. Plaintiffs specifically allege in their Complaint that they be awarded damages for their "lost wages, benefits and other damages" for their alleged constructive discharge and termination; attorney fees; damages against Defendant for its alleged willful, wanton and egregious conduct (punitive damages) and any and other further relief that the Court deems just and proper. (Complaint, ¶¶ 20, 23 and Wherefore clause.)

16. 28 U.S.C. § 1446(c)(2) provides that where removal is sought on the basis of diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, *except* that the removing party may assert the amount in controversy if the plaintiff's complaint seeks "a money judgment, but the State practice either does not permit demand for a specific sum *or* permits recovery of damages in excess of the amount demanded[.]" 28 U.S.C. § 1446(c)(2) (emphasis added). In such a case, as here, removal is proper where the removing party establishes by the preponderance of evidence that the amount in controversy exceeds the statutory minimum.

17. Although Miller Pipeline opposes Plaintiffs' claimed entitlement to past and future economic and non-economic compensatory damages, including lost wages, benefits and other damages, Plaintiffs' prayer for such damages ensures that the amount in controversy exceeds $75,000.

18. Plaintiffs allege they were terminated on July 16, 2020. (Complaint, ¶ 5.) Plaintiffs further allege that they worked "on a part-time basis … primarily through the Spring, Summer and Fall months and continued to the end of each year." (Complaint, ¶ 4.) In 2019, the last full year that Plaintiffs worked prior to their termination, Plaintiff Robert Duncan earned wages of $29,457.79 and Plaintiff Peggy Duncan earned wages of $62,854.12 from Miller Pipeline. Therefore, in total, Plaintiffs' 2019 annual wages were $92,311.91. Since Plaintiffs'

alleged lost wages alone exceed the amount-in-controversy threshold, and any trial of this case would occur at least one year after Plaintiffs' alleged July 2020 discharge, their claimed economic damages alone would far exceed $75,000, without considering any additional damages alleged. *See Finnegan v. Wendy's Int'l, Inc.*, No. 2:08-CV-185, 2008 WL 2078068, at *2 (S.D. Ohio May 13, 2008) (permitting removal due to diversity of the parties where plaintiff sought "an award of damages in excess of $25,000" upon showing plaintiff earned an annual salary that exceeded the amount-in-controversy threshold); *accord Foxx v. Healix Infusion Therapy, Inc.*, No. 3:12-CV-120, 2012 WL 6554393, at *1 (E.D. Tenn. Dec. 13, 2012) (Denying motion to remand where lost wages valued at $77,000 per year satisfied jurisdictional threshold). *See also Aldrich v. Univ. of Phoenix*, No. 3:15-CV-00578-JHM, 2015 WL 5923594, at *4 (W.D. Ky. Oct. 9, 2015) (denying motion to remand where alleged damages <u>through completion of trial</u> would exceed jurisdictional threshold).

19. In addition to Plaintiffs' alleged lost wages, which easily exceed the jurisdictional threshold, Plaintiffs earned benefits (including health insurance, retirement and other fringe benefits) valued at $42.96 per hour during their employment with Defendant. As Plaintiffs expressly seek claim entitlement to lost benefits, this fact further ensures that the amount in controversy exceeds $75,000.

20. Although Miller Pipeline opposes Plaintiffs' claimed entitlement to punitive damages, Plaintiff's prayer for punitive damages further ensures that the amount in controversy exceeds $75,000.

21. Although Miller Pipeline opposes Plaintiffs' claimed entitlement to attorneys' fees, Plaintiff's prayer for attorneys' fees further ensures that the amount in controversy exceeds $75,000.

22. Without making any admission as to the merits or lack thereof of Plaintiffs' damages allegations, Miller Pipeline believes in good faith that Plaintiffs' alleged damages as asserted in the Complaint exceed the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a).

23. Therefore, Plaintiffs' Complaint seeks more than $75,000, which satisfies the amount in controversy under 28 U.S.C. § 1332(a).

24. Accordingly, this Court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000.

**WHEREFORE**, Miller Pipeline requests that the above-captioned action now in the Cuyahoga County, Ohio Court of Common Pleas be removed to this Court.

Respectfully submitted,

*/s/ Rebecca J. Bennett*
Rebecca J. Bennett (0069566)
Monica L. Lacks (0078649)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
216-241-6100
216-357-4733 (FAX)
Email: rebecca.bennett@ogletree.com
monica.lacks@ogletree.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2021 a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system, including the following:

Ronald A. Apelt, Esq.
Apelt Law Firm, LLC
20600 Chagrin Boulevard, Suite 400
Shaker Hts., OH 44122
Ron.Apelt@apeltlawfirm.com

*Attorney for Plaintiffs*

                                      */s/ Rebecca J. Bennett*
                                      Attorneys for Defendant

45609339.2